**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1225
_____

UNITED STATES OF AMERICA

v.

ZAAMAR STEVENSON
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:16-cr-00189)
District Judge: Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1
on January 28, 2022

Before: CHAGARES, *Chief Judge*, MCKEE and MATEY, *Circuit Judges*

(Filed: March 21, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**MATEY**, *Circuit Judge*

Appellant Zaamar Stevenson appeals the District Court's denial of his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Finding no error, we will affirm.

## I.

Stevenson was sentenced to 120 months' imprisonment for drug distribution in September 2020. (App. at 3.) As the District Court explained, the "sentence reflected a significant variance below the advisory guideline range of 292 to 365 months," in light of Stevenson's "physical ailments, including asthma and hypertension, his post-offence rehabilitation efforts, as well as the impact that the COVID-19 pandemic had on incarcerated individuals." (App. at 3–4.)

Less than two months after his sentencing hearing, Stevenson filed a motion for compassionate release under § 3582(c)(1)(A). (App. at 4.) The District Court denied the motion, explaining that "all of the mitigation evidence raised in Defendant's motion was adequately accounted for at his sentencing a few months ago." (App. at 9.) This appeal timely followed and we will affirm.[1]

## II.

The First Step Act permits granting a motion for compassionate release where "the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission';

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. As we have explained, compassionate release "is a purely discretionary decision" and we review the District Court's decision for abuse of discretion. *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).

and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2020) (citing § 3582(c)(1)(A)). Stevenson has not satisfied these requirements.[2]

Stevenson first argues his health conditions (including asthma, hypertension, and obesity) place him at increased risk for COVID-19 complications. But as the District Court explained, Stevenson's health is "generally normal." (App. at 6.) "Moreover, neither [Appellant]'s asthma nor his hypertension is listed by the CDC as presenting a severe risk of complications from COVID-19." (App. at 6.) Nor has Stevenson shown he is receiving inadequate care. (App. at 6.) Because "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release," the District Court did not abuse its discretion. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Stevenson also argues the District Court erred in considering as binding the policy statements of the Sentencing Commission. After the District Court's decision in this case, we held in *Andrews* that the policy statement interpreting "extraordinary and compelling reasons" does not apply to inmate-initiated motions for compassionate release and therefore does not bind the District Court on such motions. 12 F.4th at 259 & n.4. But

---

[2] On appeal, the Government now argues Stevenson has not exhausted his administrative remedies with the Bureau of Prisons as required by § 3582(c)(1)(A). The Government notes that Stevenson's only request occurred before sentencing, making the request premature. That is likely correct, as the Bureau cannot consider a request to reduce a sentence that has not been entered. But the Government did not raise this issue in the District Court and, in any event, Stevenson fails to establish extraordinary and compelling reasons for a reduction in sentence.

we also explained that the policy statement may still inform the meaning of "extraordinary and compelling reasons." The District Court's consideration of the policy statement as a guide therefore was not error. *Id.* at 260. Finally, the District Court appropriately considered the applicable § 3553(a) factors.[3] Seeing no "clear error of judgment," we will not disturb the District Court's conclusions. *Id.* at 259 (quoting *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020)).

## II.

Because "[c]ourts wield considerable discretion in compassionate-release cases," *Andrews*, 12 F.4th at 262, and we cannot say that the District Court abused its discretion in denying relief, we will affirm the District Court's denial of Appellant's motion.

---

[3] Including the "[Appellant]'s medical conditions in light of the COVID-19 pandemic," his "post-offense rehabilitation efforts," the seriousness of the offense, "the danger that [Appellant] presents to the community," and deterrence to others. (App. at 9–10.)